BALDWIN, J.,
delivered the opinion of the Court.
The Court is of opinion, that where a deed conveys several tracts of land lying separately, in different counties, the rec-ordation thereof in only one of the counties is not effectual, in regard to the tract or tracts lying in the other county or counties, within the true intent and meaning of the statute regulating conveyances, 1 Rev. Code, ch. 99; and therefore, that the deed of trust in the proceedings mentioned, made by John Horsley and wife in March 1836, to Frederick M. Cabell and Alexander Munday as trustees, though recorded in the counties of Nelson, Amherst and Buckingham, is, null and void in regard to the lands conveyed by said deed lying in the county of Greenbrier, and the lots lying in the City of Richmond, as against the creditors of said Horsley, by judgments against him recovered in the Courts of this Commonwealth before the due recordation of said deed in the county of Greenbrier and City of Richmond respectively.
And the Court is further of opinion, that where a navigable stream is the dividing line between two counties, and so separates lands conveyed by deed, as to throw part thereof into the county on one side of said stream, and part thereof into the county on the opposite side of the same, the parts so separated must be regarded as distinct tracts lying in different counties, within the true intent and meaning of said statute; and the recordation of such deed in one of the counties' is not effectual in regard to the part lying in the opposite county; and therefore, that the recordation of the deed of trust aforesaid in the counties of Nelson and Amherst, is null and void in regard to all the lands which it conveys, lying in the county of Buckingham, as *against the creditors of said Horsley, by judgments against him recovered in the Courts of this Commonwealth before the due recordation of said deed in the county of Buckingham.
And the Court is further of opinion, that though the apparent date of the counterpart of said deed of trust, which was recorded in the county of Amherst, is the 13th of March 1836, and the certificate by the justices of the acknowledgment thereof by the grantor Horsley, describes the same as bearing date on the 30th of March 1836, yet that this does not affect the validity of the recordation of said counterpart in the county of Amherst, inasmuch as the identity of said counterpart with that mentioned in the said certificate of the justices, sufficiently appears from other parts of said certificate, and the annexation thereof to said counterpart. And the same is equally true, mutatis mutandis, in regard to the counterpart of said deed which was recorded in the county of Buckingham.
And it appears to the Court, that the certificate of the clerk of the County Court of Buckingham, endorsed on the counterpart of the said deed of trust which was recorded in that county, states that the same was filed in his office on the 31st of March 1836, and upon the certificate of acknowledgment thereto annexed, admitted to record; and also, that in a list of conveyances returned by said clerk to said County Court, as by him admitted to record, which list was entered on the minutes of said Court, the said counterpart is stated by him to have been admitted to record on the same 31st of March, upon the certificate of two justices. But it also appears to the Court, that in truth and in fact the said counterpart was not filed in said office, nor delivered to said clerk for recordation, until and upon the 1st day of April 1836, and that the fact in regard to that matter was knowingly and wilfully misstated by said clerk in his said certificate and in the list of convey-anees returned *by him as aforesaid. and against the truth "of the case; and the effect of it, if available, is to give to the The Court, notwithstanding, is satisfied from the evidence, and believes without hesitation, that in said misstatements the said clerk was governed by no ill intent, but by a misapprehension of his duty in that respect. Still, however, the said certificate was improper and unlawful, *453 said deed of trust priority over the judgments in the proceedings mentioned recovered by the appellees; and thereby to operate as a fraud upon them in favour of the appellants claiming under said deed as cestuis que trust therein, and in consequence of the act of the person who delivered the same to said clerk for recordation, and who must be regarded as their agent in that matter. The Court, therefore, without expressing an opinion as to the effect of said certificate upon the rights of third persons claiming as purchasers without notice, is of opinion, that as between the parties in these causes, the said deed must be treated, in a Court of Equity, as admitted to record in the county of Buckingham, not on the 31st of March, but on the 1st of April 1836; and must be postponed to the said judgments recovered by the ap-pellees at the April term 1836 of the Circuit Superior Court of Amherst county, and which have relation to the said 1st day of April; that being the first day of said term.
Wherefore the Court is of opinion, that there is no error in the said decree. The same is therefore affirmed with costs to the appellees; and the causes are remanded to the Court below, to be farther proceeded in according to the principles above declared.